IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |  |
|---|---|---|
| RAKEIM JAQUIN HILLSMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 320-030 |
| | ) | |
| WHEELER CORRECTIONAL FACILITY; | ) | |
| TICANION HARVEY; MATTHEW | ) | |
| BRILEY; TOREY KARARHERS; | ) | |
| JENNY WILLIAM; CORE CIVIC; | ) | |
| PITTMAN HERMAN; and | ) | |
| VANCE LAUGHLIN, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, incarcerated at Wheeler Correctional Facility in Alamo, Georgia, has submitted to the Court for filing an unsigned complaint brought pursuant to 42 U.S.C. § 1983, and seeks to proceed *in forma pauperis* ("IFP"). Plaintiff commenced this case in the Northern District of Georgia by submitting an unsigned complaint on a form used in that District. (See doc. no. 1.) United States Magistrate Judge Regina D. Cannon transferred the case to the Southern District of Georgia because the events about which Plaintiff complains occurred in the Dublin Division of this District, and she specifically declined to address the issues of whether Plaintiff had accumulated three strikes under 28 U.S.C. § 1915(g), which would place restrictions on his ability to proceed IFP, or the merits of Plaintiff's claims. (See doc. no. 5 & n.1.)

However, before reaching the issue of whether Plaintiff is entitled to proceed IFP, the Court directed Plaintiff, in an Order dated April 7, 2020, to submit a signed complaint on the standard complaint form used by incarcerated litigants in the Southern District of Georgia. (See doc. no. 8.) The Court cautioned Plaintiff that if he failed to submit the amended complaint, the Court would presume that Plaintiff desires to have this case voluntarily dismissed and would dismiss this action, without prejudice. (See id. at 3.) The time to respond has passed, and Plaintiff has not submitted a complaint as required by the Court's April 7, 2020 Order. In fact, the Order was returned to the Clerk of Court as undeliverable because Plaintiff refused to accept the mail containing the Court's Order. (See Apr. 20, 2020 doc. entry.)

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order,

2

"especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file a signed complaint, or even to accept mail from the Clerk of Court containing the Court's Order, amounts not only to a failure to prosecute and a violation of Local Rule 4.1, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Moreover, Plaintiff's refusal to accept mail from the Clerk saddles the Court with a stagnant case in which no communication with Plaintiff seems possible. The Court's April 7th Order cautioned Plaintiff that a failure to respond would be an election to have his case voluntarily dismissed, and both the Federal Rules of Civil Procedure and the Court's Local Rules require a signed complaint. Furthermore, because Plaintiff requested permission to proceed IFP in both cases, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

In sum, the time to respond has passed, and Plaintiff has not submitted a complaint as required by the Court's April 7, 2020 Order, and because Plaintiff refuses to accept mail from the Clerk, the Court has no way of communicating with him. Therefore, the Court **REPORTS** and **RECOMMENDS** the motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 2), and the case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 22nd day of April, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3